UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DIVERSATEK, INCORPORATED,

    Plaintiff,

    v.                     Case No. 07-1036

QBE INSURANCE CORPORATION,
SLG BENEFITS AND INSURANCE LLC,

    Defendants.

DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER
AWARDING ACTUAL COSTS AND ATTORNEYS' FEES

On November 30, 2010, this court granted plaintiff Diversatek, Incorporated's motion for summary judgment finding that it was entitled to coverage of claims under its Excess Loss Insurance Policy and that QBE Insurance Corporation was liable to Diversatek for bad faith denial of claims. The court awarded Diversatek attorneys' fees plus costs, and Diversatek has since moved for an award of $110,358. For the reasons set forth below, the court will grant the motion.

Briefly, this case was filed on November 21, 2007. The parties filed cross-motions for summary judgment, but no discovery was conducted or pretrial motions filed. Instead, the parties agreed to a limited document exchange and negotiated stipulations, (Hansen Aff. 6), of which four were submitted to this court. (Docs. 3, 20-21, 28).

Diversatek has argued in its memorandum supporting its motion for costs and fees that it is entitled to $110,358, (Pl.'s Mem. Supp. Mot. Costs Fees 1), and has later mentioned, but never specifically requested, an additional $7,992 spent in legal fees since November 30, 2010. (Doc. 55. ¶ 5). QBE has argued responsively that $110,358 is facially unreasonable based on the limited discovery undertaken and further, that

Diversatek's brief failed to satisfy any of the factors from Wisconsin's *Supreme Court Rule 20: 1.5(a)*. (Def.'s Mem. Opp'n Pl.'s Mot. for Atty's Fees 1). Diversatek's reply brief, filed with an additional affidavit by Attorney Scott Hansen, attempted to address both concerns while not conceding any failure in its original brief. (Pl.'s Reply Br. Supp. Mot. Order Award Costs Fees 1).

When reviewing an application for costs and fees on a bad faith claim, the court determines the detriment that was proximately caused to the applicant by the bad faith act, including what "would not have been incurred but for the insurer's tortious conduct". *Dechant v. Monarch Life Ins. Co.*, 200 Wis. 2d 559, 572-73, 547 N.W.2d 592 (Wis. 1996). The court granting fees has discretion as to the amount that it awards because it is familiar with the local billing norms and has witnessed first hand the quality of service rendered by counsel. *Kolupar v. Wilde Pontiac Cadillac, Inc.*, 2004 WI 112, ¶ 21, 275 Wis. 2d 1, 683 N.W.2d 58.

Furthermore, the court may evaluate the reasonableness of attorney fees based on the following factors from SCR 20:1.5:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;

2

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

*Kolupar*, 2004 WI at ¶ 21.

Here, Diversatek has filed the affidavits of Jeffrey O. Davis and Scott W. Hansen in support of its argument seeking $110,358 in attorneys fees as damages. Attorney Davis's affidavit lays out the respective hourly rates charged by each attorney or summer associate from Quarles & Brady LLP who worked on behalf of Diversatek in this case. (Davis Aff. ¶¶ 6-12). He explains that increases in attorneys' pay schedules during the course of this litigation were due "to acknowledg[ments of] continuing experience and expertise" in differing legal fields related to this matter. (Davis Aff. ¶¶ 6-7). Attorney Davis also states that each person's fee is "comparable to . . . other attorneys in Milwaukee, Wisconsin of similar training, experience and skill who handle similar matters." Finally, Attorney Davis stated that the total costs incurred through 11/11/10 were $110,358. (Davis Aff. ¶¶ 6-12).

Attorney Scott W. Hansen, a consultant for Diversatek on the issue of the reasonableness of attorney's fees, filed an affidavit as well as a report encompassing what his expert testimony would be if he were asked to testify. (Hansen Aff. ¶ 3). In making his evaluation of the reasonableness of the fees and expenses that attorneys from Quarles & Brady charged Diversatek, Attorney Hansen examined "the pleadings, mediation materials,

cross motions for summary judgment, the Court's summary judgment decision, invoices and related materials." (Doc. 54-1. 1). In his opinion, the rates charged by Quarles & Brady were reasonable and consistent with those charged by similar firms in the community, and the number of hours spent overall on the tasks for this case was reasonable. (Doc. 54-1. 2). He further stated that Quarles & Brady's handling of the case and its delegation of the necessary tasks was efficient and found that the hours spent were not excessive for the majority of case components. (Doc. 54-1. 5-6).

Accordingly, after a thorough review of the affidavits submitted by Diversatek and the related invoices submitted by Quarles & Brady, the court will grant the requested amount of $110,358. However, Diversatek's mention of the additional $7,992 in Scaperlanda's supplemental declaration does not constitute a "request for a court order" as is required by the federal rules and thus will not be considered by the court as a portion of the attorney's fees owed in this case. Fed. R. Civ. P. 7(b)(1); *see also Kerin v. U.S. Postal Service*, 218 F.3d 185, 192 (2d Cir. 2000) ("bad faith fee awards are limited to those expenses necessary to counter the losing party's bad faith").

IT IS ORDERED that plaintiff's motion for order awarding actual costs and attorneys' fees is granted in part. QBE Insurance Corporation is liable to Diversatek in the amount of $110,358.

Dated at Milwaukee, Wisconsin, this 31st day of March, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE

4